38 F.3d 1214
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rayshawn Wendell WOMACK, Defendant-Appellant.
 No. 93-5848.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided October 14, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CR-93-49)
 Craig S. Cooley, Richmond, VA, for Appellant.
 Robert P. Crouch, U.S. Atty., Donald Wolthuis, Asst. U.S. Atty., J. Chapman Petersen, Third Year Law Student, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rayshawn Womack appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of (1) conspiring to possess with intent to distribute and to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and 21 U.S.C.A. Sec. 846 (West Supp.1993), (2) attempting to kill a government informant with the intent of preventing his attendance as a witness in an official proceeding, in violation of 18 U.S.C. Sec. 1512(a)(1)(A) and 18 U.S.C. Sec. 1512(a)(1)(C) (West Supp.1994), and (3) using or possessing a firearm in relation to a crime of violence and during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c) (West 1988 & Supp.1993).
 
 
 2
 Womack challenges the sufficiency of the evidence to support his convictions. When reviewing such challenges, we ask whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). To achieve Womack's conspiracy conviction, the Government had to prove that a conspiracy existed, that Womack had knowledge of the conspiracy, and that he voluntarily became a part of the conspiracy. See United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.1993); United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992).
 
 
 3
 "Proof of a conspiracy may of course be by circumstantial evidence; it need not and normally will not be by direct evidence." United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). "[T]he totality of the circumstances shown by the government may suffice to infer the agreement necessary for a conspiracy conviction." United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). Once the government has established the existence of a conspiracy, it need only establish a slight connection between the defendant and the conspiracy. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992).
 
 
 4
 In this case, Womack contends that the evidence failed to show that he actually joined a conspiracy headed by a dealer known as "Wise" Clark. We disagree. A government informant and three drug dealers from the Sinai area of Halifax County, where much of the drug activity involving Clark and his conspirators occurred, testified to either purchasing crack cocaine from Womack or witnessing him selling the drug regularly in Sinai for well over a year. The drugs Womack sold were always packaged in distinctive pink bags characteristic of the packaging used by dealers receiving their drugs from "Wise" Clark. While Womack avers that drug users commonly purchase drugs, use some, and then sell the remainder in its original packaging, we conclude that, under the totality of the circumstances, a jury could reasonably find the evidence sufficient to conclude that Womack was more than simply a drug user who happened to buy his drugs from "Wise" Clark.
 
 
 5
 Witnesses testified that when "Wise" Clark had insufficient supplies of crack cocaine to sell to them, he referred them to individuals he called "my boys," and that Womack was one of these individuals. While Womack argues that these witnesses were not credible, it is the province of the jury, and not the appellate court, to determine the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984). Moreover, as the Government argues on appeal, perhaps the most powerful evidence of Womack's participation in the conspiracy was the evidence which supported Womack's conviction for attempting to kill the government's informant.
 
 
 6
 The evidence adduced at trial established that "Wise" Clark and his brother discovered that David Canada was working for the government as an informant on December 3, 1992, when Canada's taping device fell from his clothing while he was with the Clark brothers. The Clark brothers detained Canada for three days before abandoning him on a highway. On December 12, Womack was among a group of persons who gathered at a Sinai trailer park, talked about Canada, and were heard singing the words "snitches get body bags and ditches," from a popular rap song.
 
 
 7
 Canada testified that on December 13, 1992, he received a threatening phone call from a person accusing him of being a "snitch," and informing Canada that the caller knew where he lived. Canada lived in a trailer where Richard Royster and Tina Reed, Womack's halfsister, also resided. On December 14, 1992, Canada passed Womack as Womack was leaving the trailer and Canada was returning to it. Womack had urged Reed to make Canada move out because Womack had learned that Canada was a "snitch" and warned Reed that Canada's presence could put her and her child in danger.
 
 
 8
 Canada further testified that on that same evening, Womack came to the trailer. Canada, who had known Womack for four years, said he greeted Womack at the door and that, following a brief conversation in which Womack asked him "why did you do that?" Womack pulled out a gun and shot at him several times, striking him in the arm and buttocks as he ran to the back of the trailer. Although Womack argues on appeal that he was misidentified, Canada and Womack were long-time acquaintances, and Canada testified that he was standing in a doorway facing Womack close enough to touch him while the two men conversed. Under the totality of the circumstances, we find the evidence plainly sufficient to support each of Womack's convictions.
 
 
 9
 Womack also asserts that the district court committed several errors in determining his sentence. Initially, we reject Womack's contention that the court erred by holding him responsible for five grams of crack cocaine for purposes of determining his base offense level on the conspiracy charge. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(a)(3)(c) (Nov.1993). Canada alone testified to making purchases amounting to at least five grams of crack cocaine from Womack. Womack was not held responsible for additional amounts which witnesses testified that he and other members of the conspiracy sold to them. We therefore conclude that the district court committed no clear error in holding Womack responsible for five grams of crack cocaine and setting his base offense level accordingly. See United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989).
 
 
 10
 Next, we find no error in the trial court's determination of Womack's base offense level for his violations of 18 U.S.C. Sec. 1512. The applicable guideline provides for a base offense level of 28 where the object of the offense would have constituted first degree murder. See U.S.S.G. Sec. 2A2.1(a). Contrary to Womack's assertion, the trial court was not precluded from finding, for sentencing purposes, that Womack's attempt to kill Canada would have constituted first degree murder absent a specific jury finding to that effect. Womack's conduct would have constituted first degree murder under 18 U.S.C. Sec. 1111(a) (West 1984 & Supp.1994) if Canada had died and Womack acted with malice aforethought. Although the jury did not have to decide the issue, the record contains ample evidence that Womack had the requisite premeditated intent to support a finding of first degree murder. The district court may consider, for sentencing purposes, facts which a jury has not determined to have been established beyond a reasonable doubt, if the court, as here, finds the fact established by a preponderance of the evidence. See United States v. Isom, 886 F.2d 736, 738 n. 3 (4th Cir.1989).
 
 
 11
 Finally, we reject Womack's contention that the trial court erred by holding two sidebar conferences outside of his presence. Since this issue was not raised below, it is reviewed for plain error. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Under Fed.R.Crim.P. 43(c)(3), the conferences at issue could properly be held outside of Womack's presence. In any event, we note that Womack can identify no prejudice resulting from his absence from these conferences.
 
 
 12
 The district court's judgment order is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED